# UNITED STATES DISTRICT COURT
# FOR THE DISTRCT OF NEW JERSEY

| | |
|---|---|
| BRIAN NASH,<br><br>Plaintiff,<br><br>v.<br><br>NEAR NORTH AMERICA, INC., NEAR INTELLIGENCE HOLDINGS, INC., NEAR INTELLIGENCE, INC., LAURENT CASTAILAC, GLADYS KONG and ANIL MATTEWS,<br><br>Defendants. | Civil Action No.: 3:24-cv-06623 |

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**GORDON REES SCULLY MANSUKHANI, LLP**
Elizabeth F. Lorell, Esq.
290 W. Mount Pleasant Ave., Ste. 3310
Livingston, NJ 07039
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: elorell@grsm.com
*Attorneys for Defendants Castaillac and Kong*

# **TABLE OF CONTENTS**

                                                                                                                                                     **Page**

I.     INTRODUCTION ....................................................................................... 1

II.    LEGAL STANDARDS ............................................................................... 1

        A.     Standard on Motions for Reconsideration .............................................. 1

        B.     Standard on Motions for Jurisdictional Discovery ............................... 2

III.   LEGAL ANALYSIS .................................................................................... 2

        A.     The Court Correctly Found It Does Not Have Personal Jurisdiction Over Defendants, And There Is No Basis for Reconsideration ................................................................................... 2

                1. Plaintiff Does Not Establish a Clear Error of Law ........................... 3

                2. Plaintiff Does Not Present New, Previously Unavailable Evidence ................................................................................................ 6

        B.     Plaintiff Has Not Shown Cause Why This Case Should Not Be Transferred ............................................................................................ 7

        C.     There Is No Basis for Granting Jurisdictional Discovery ..................... 7

IV.   CONCLUSION ............................................................................................ 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acteon, Inc. v. Vista Dental Products*,
  2006 WL 1207999 (D.N.J. 2006) ...........................................................................3

*Castoria v. Berlin Int'l Colo., LLC*,
  2018 U.S. Dist. LEXIS 100356 (D.N.J. June 14, 2018) .......................................3

*Chadwick v. St. James Smokehouse, Inc.*,
  2015 U.S. Dist. LEXIS 38340 (D.N.J. Mar. 26, 2015) .........................................3

*Crosson v. TMF Health Quality Institute*,
  2023 WL 2609048 (D.N.J. Mar. 23, 2023) ...........................................................6

*Dunn v. Parker*,
  2022 U.S. Dist. LEXIS 88445 (D.N.J. May 17, 2022) ........................................5

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010) ..................................................................................2

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873, 880 (2011).......................................................................................5

*Marten v. Godwin*,
  499 F.3d 290 (3d Circ. 2007)................................................................................5

*Norben Import Corp. v. Metropolitan Plant & Flower Corp.*,
  2005 WL 1677479 (D.N.J. 2011) ..........................................................................4

*Patterson by Patterson v. FBI*,
  893 F.3d 595 (3d Cir. 1990) ..................................................................................6

*Peoplestrategy, Inc. v. Lively Employer Services, Inc.*,
  2020 WL 7237930 (D.N.J. 2020) ..........................................................................1

*Rippon v. Smigel*,
  158 A.3d 23 (2017).................................................................................................2

*Rogers v. Kasahara*,
  2006 WL 6312904 (D.N.J. Oct. 16, 2006) ...........................................................3

*Tripp v. Ascentage Pharma Grp. Int'l*,
    2023 U.S. Dist. LEXIS 147949 (D.N.J. Aug. 23, 2023) ...................................... 5

*Walburn v. Rovema Packaging Machs., L.P.*,
    2008 U.S. Dist. LEXIS 25369 (D.N.J. 2008) ...................................................... 5

**Rules**

L. Civ. R. 7.1(i) ................................................................................................................ 1

Defendants Laurent Castaillac (s/h/a "Laurent Castailac") and Gladys Kong (together, "Defendants") hereby respond to the Motion for Reconsideration ("Motion") filed by Plaintiff Brian Nash.

## I. <u>INTRODUCTION</u>

Plaintiff styles his brief as one to "Show Cause Why This Case Should Not Be Transferred and In Support of His Motion for Reconsideration" (the "Motion"). (Doc. 20-1.) That title occludes the true intention of Plaintiff's brief: he admits he cannot show cause why this case should not be transferred to the District of California by not even attempting to do so, and instead makes an affirmative motion for jurisdictional discovery in the vain hope he can provide some future support for his doomed effort to convince this Court that it "overlooked" evidence that never existed. In conflating the standards for a motion to dismiss with his obligations under a show cause order, all while seeking separate affirmative relief, Plaintiff unequivocally demonstrates that both the law and the facts require the transfer of this case to California, as an alternative to its outright dismissal. The Motion should be denied because (1) the Court correctly assessed the facts and law under the governing standard when it ruled the case should be transferred, and (2) jurisdictional discovery would be a wasteful fishing expedition.

///

///

///

1

## II. LEGAL STANDARDS

### A. Standard on Motions for Reconsideration.

Reconsideration is an extraordinary remedy that is rarely granted. *Peoplestrategy, Inc. v. Lively Employer Services, Inc.*, 2020 WL 7237930, *1 (D.N.J. 2020). In the District of New Jersey, Local Civil Rule 7.1(i) provides that a party seeking reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." *Id*. There are three grounds for reconsideration, only two of which are implicated here: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice." *Id*., at *2. "A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, [n]or is [it] an opportunity to ask the Court to rethink what it has already thought through." *Id*.

### B. Standard on Motions for Jurisdictional Discovery.

While courts can and do permit jurisdictional discovery in some cases, those requests can be denied if they are "clearly frivolous" or constitute a mere "fishing expedition." *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010). Plaintiff bears the burden of presenting factual allegations with reasonable particularity demonstrating the existence of personal jurisdiction ***before*** such relief can be granted. *Rippon v. Smigel*, 158 A.3d 23, 32 (2017).

2

"Generally, the record must support the existence of disputed or conflicting facts to warrant jurisdictional discovery." *Id*.

### III. LEGAL ANALYSIS

A. **The Court Correctly Found It Does Not Have Personal Jurisdiction Over Defendants, And There is No Basis for Reconsideration.**

As the Court noted in its Opinion, the dispute here, such as it is, relates only to whether this Court has specific jurisdiction over the Defendants in their individual capacity, as the Court's lack of general jurisdiction is conceded. (Doc. 16, p. 4.) Plaintiff does not direct the Court to any new controlling law not already considered in its Opinion. (Doc. 20-1, pp. 3-8.) Instead, Plaintiff argues that specific jurisdiction can be established over individual defendants acting in their corporate capacity where that individual "may be held personally liable for the claims asserted in the complaint." (*Id*., p. 6.) This assertion has been expressly rejected in this district, and by this very Court. Further, though not addressed in the Opinion, the assertion is immaterial because these Defendants cannot be liable on Plaintiff's CEPA claim.

1. **Plaintiff Does Not Establish a Clear Error of Law.**

Plaintiff's Motion simply restates his prior arguments that three cases stand for the proposition that individuals "who participated in the retaliatory decision" in a CEPA case are subject to personal jurisdiction as a result, those cases being *Chadwick v. St. James Smokehouse, Inc.*, No. 14-2708, 2015 U.S. Dist. LEXIS

3

38340, at *9 (D.N.J. Mar. 26, 2015), *Castoria v. Berlin Int'l Colo., LLC*, No. 2:16-cv-01704, 2018 U.S. Dist. LEXIS 100356, at *9 (D.N.J. June 14, 2018), and *Rogers v. Kasahara*, No. 06-2033, 2006 WL 6312904, at * 1, 5 (D.N.J. Oct. 16, 2006). (Doc. 20-1, pp. 7-8.) This Court presumably considered each of those cases, and Plaintiff's argument based upon them, when it summarized Plaintiff's position in its Opinion. (Doc. 16, p. 5.) Eventually, the Court agreed with Defendants that, even in CEPA cases, exercising jurisdiction over an individual defendant still requires the requisite substantial contacts with the ***forum state*** from which the claim arises. (*Id.*, pp. 6-8) ("[T]he Complaint does not sufficiently allege a relationship which arose 'out of contacts with the defendant[s] [themselves] create[d] with [New Jersey].'")

Plaintiff relies heavily on the concept that NNA's contacts with New Jersey are sufficient to confer personal jurisdiction over NNA's officers, citing *Acteon, Inc. v. Vista Dental Products*, 2006 WL 1207999 (D.N.J. 2006). But Plaintiff overstates the ruling in that case, as well as Defendants' position on specific jurisdiction. Like the present case, the non-resident individual defendants in *Acteon* moved to dismiss the complaint for lack of personal jurisdiction on the basis that all actions complained of were performed within the scope of their authority as corporate officers. *Id.* at *2. With respect to specific jurisdiction, that court noted that it can be "present only if the plaintiff's cause of action arises out of defendant's forum-related activities, such that the defendant should reasonably

4

anticipate being haled into court in that forum." *Id*. at *3 (internal citations and quotations omitted). "'A "relationship among the defendant, the forum, and the litigation" is the essential foundation' of specific jurisdiction." *Id*., citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

In defining the limited application of the fiduciary shield doctrine, the *Acteon* court explained that "a defendant's contacts with the forum state made in his corporate capacity [may] be considered in the personal jurisdiction analysis . . . if the facts alleged supported individual liability." *Id*. at *3 (quoting *Educational Testing Services v. Katzman*, 631 F.Supp. 550, 555 (D.N.J. 1986)). Only in those specific circumstances may "actions taken by an individual defendant in his 'corporate capacity' within New Jersey . . . be imputed to the defendant corporate officer individually." *Id*.

Nothing in *Acteon* overrules the general rule that "an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity." *Norben Import Corp. v. Metropolitan Plant & Flower Corp.*, 2005 WL 1677479, at *5 (D.N.J. 2011). "In addition, personal jurisdiction does not exist over a corporate officer simply because the corporate entity itself may be amenable to personal jurisdiction in the forum state." *Id*. "Rather, each defendant's contacts with the forum state must be evaluated individually." *Id*. And, while "actions taken *within the forum state* by a

5

corporate official in his official capacity may be considered for purposes of establishing jurisdiction over him in his individual capacity," "actions taken in the forum by the corporate entity should not be imputed to an individual defendant for purposes of personal jurisdiction unless the plaintiff established that the individual defendant himself took the specific action." *Id.*, citing *Katzman*, 631 F.Supp., at 559 (emphasis in original).

This limitation makes sense because any court's exercise of personal jurisdiction over a defendant "requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The mere fact of a plaintiff's residence cannot "create jurisdiction over nonresident defendants." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Circ. 2007). Instead, jurisdiction is proper when "the ***state*** of plaintiff's residence is 'the focus of the activities of the defendant out of which the suit arises.'" *Id*. (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

As Defendants argued in their reply brief on the Motion to Dismiss, the Supreme Court has made clear that "the minimum contacts analysis, even under *Calder,* must relate to the 'defendant's contacts with the forum State itself, ***not the defendant's contacts with persons who reside there'*** and that '***the plaintiff cannot be the only link between the defendant and the forum***." *Tripp v. Ascentage*

6

*Pharma Grp. Int'l*, No. 22-5934, 2023 U.S. Dist. LEXIS 147949, at *10 (D.N.J. Aug. 23, 2023) (emphasis added) (citing *Walden,* 571 U.S. at 285-86); *see also, e.g., Higgins v. Newsmax Broad. LLC*, No. 2:23-cv-03628, 2024 U.S. Dist. LEXIS 109248, at *15-*16 (D.N.J. June 20, 2024) (same); *Dunn v. Parker*, No. 21-cv-17351, 2022 U.S. Dist. LEXIS 88445, at *6 (D.N.J. May 17, 2022) (same); *id.* ("The Supreme Court's holding in *Walden* makes clear that the defendant's contacts must be with the forum itself, not merely with a plaintiff who resides in the forum."); *Walburn v. Rovema Packaging Machs., L.P.*, No. 07-3692, 2008 U.S. Dist. LEXIS 25369, at *7 (D.N.J. 2008) (explaining that *Calder* cannot be met based on the plaintiff's location in the forum state because that would mean "that jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state since the plaintiff would always feel the impact of the tort there."). (Doc. 15, p. 3.)

This Court correctly found jurisdiction does not exist over these Defendants, and Plaintiff has not established any error, let alone clear error, in that decision.

    **2. Plaintiff Does Not Present New, Previously Unavailable Evidence.**

Plaintiff bases his entire specific jurisdiction argument on the alleged facts that (1) Defendants' actions in terminating his employment occurred in New Jersey, and (2) NNA had sufficient contacts with New Jersey to confer jurisdiction over it, and those are imputed to Defendants under *Acteon*. Plaintiff is incorrect on both counts. With respect to the first claim, the Court has already (rightfully)

7

rejected the argument in its Opinion. (Doc. 16, pp. 7-9.) In short, Plaintiff is the only link between these Defendants and the state of New Jersey, and that is not sufficient to confer jurisdiction over them. *Id.*, p. 8 (citing *Walden v. Fiore*, 571 U.S. 277, 285-86 (2014)).

With respect to NNA's contacts with New Jersey, Plaintiff has not made any showing that these individual Defendants took any specific actions, let alone that such actions would even be sufficient to confer jurisdiction upon NNA.[1] Plaintiff has not provided the "actual proofs" required in response to Defendants' evidence that they had no individual contacts with New Jersey. *Patterson by Patterson v. FBI*, 893 F.3d 595, 603 (3d Cir. 1990). Instead, Plaintiff reiterates his arguments already rejected by the Court, and then posits what he hopes to establish after jurisdictional discovery ***could be*** sufficient to establish personal jurisdiction over these individuals. (Doc. 20-1, pp. 9, 14.) This is not enough to show cause, let alone to reconsider the Court's Opinion. In short, there is still no single allegation that these Defendants purposely directed any activities ***at New Jersey***, only that they fired Plaintiff while he lived in New Jersey, which is insufficient to confer jurisdiction over them. *Crosson v. TMF Health Quality Institute*, Civ. No. 20-18800, 2023 WL 2609048, at * 6 (D.N.J. Mar. 23, 2023).

---

[1] Plaintiff claims he is entitled to have all facts construed in his favor. (Doc. 20-1, p. 4.) While that is the appropriate standard on a motion to dismiss, Plaintiff cites no law for the proposition that it is the appropriate standard on either a motion for reconsideration or under an order to show cause, which is the actual posture of these pleadings. Regardless, Plaintiff does not allege contacts sufficient to confer jurisdiction in any event.

Plaintiff has yet to allege that NNA violated any laws. Nor has Plaintiff alleged that those violations were done through the actions of these individual Defendants. Ignoring the truth that these failures are fatal to stating a claim under CEPA (*see* Doc. 15, pp. 7-9), they demonstrate Plaintiff's grasping here. (Doc. 20-1, p. 14.) Nothing in Plaintiff's Motion in any way disputes the Defendants' declarations that they have never lived nor worked in New Jersey, never owned property there, and have only visited New Jersey once or twice on personal business. (Docs. 13-4, 13-5.) This failure of proof, or even allegation, is underscored by Plaintiff's request for jurisdictional discovery. There is no basis for reconsideration of the Opinion.

**B.    Plaintiff Has Not Shown Cause Why This Case Should Not Be Transferred.**

The Opinion and Order require Plaintiff to show cause why this case should not be transferred. (Doc. 16, p. 9.) Instead, Plaintiff requests the court reconsider its Opinion and Order and order jurisdictional discovery. (Doc. 20-1, p. 15.) Plaintiff does assert that "it would be manifestly unjust to require Plaintiff to litigate his CEPA claim in California." (*Id*.) But it is difficult to see how this could be. Courts apply extra-jurisdictional choice of law provisions every day. The Defendants are in California. Plaintiff's loss of his preferred venue does not constitute manifest injustice. Requiring two California residents to defend themselves in New Jersey, a place they have never worked or lived and have

9

almost never even visited, would offend traditional notions of fair play and substantial justice far more than requiring an alleged injured remote employee to sue his former employer where it actually resides and conducts its business.

### C. There Is No Basis for Granting Jurisdictional Discovery.

Plaintiff claims jurisdictional discovery "would likely yield further evidence of the business activities Kong and Castaillac directed toward New Jersey by phone, email and in connection with the flights they admit to taking to Newark Liberty Airport in their declarations." (Doc. 20-1, p. 9.) As a factual matter, there is no reason to believe this is true because Plaintiff has offered nothing to contradict Defendants' sworn statements to the contrary: these individual Defendants had ***no contacts with New Jersey*** outside of their interactions with Plaintiff.

As a point of law, jurisdictional discovery is pointless in this case because even if Plaintiff were to establish that Defendants actually acted on NNA's behalf in contrivance of "industry standards" in New Jersey, that is not sufficient to give rise to their liability under the CEPA. (Doc. 15, pp. 7-9.) As this Court held in its Opinion, specific jurisdiction here requires a showing that NNA purposefully availed itself of the privilege of conducting business in New Jersey, that that conduct was performed by Defendants on behalf of NNA in their corporate capacity, and that this litigation arises out of that conduct. (Doc. 16, p. 6.) The only evidence before the Court is that Defendants had no other contact with New Jersey,

10

and Plaintiff makes no specific allegations to the contrary. There is no basis for permitting jurisdictional discovery here.

## IV. CONCLUSION

For the reasons stated in this Response, Defendants respectfully request that the Court deny the Motion for Reconsideration, find that good cause has not been shown why this matter should not be transferred to the appropriate District Court in California, and order the transfer of this case to California.

Dated:     Livingston, New Jersey
           March 24, 2025

Respectfully submitted,

GORDON & REES LLP
*Attorneys for Defendant Castaillac and Kong*

By:  _/s/ *Elizabeth F. Lorell*_____
       Elizabeth F. Lorell
290 W. Mount Pleasant Ave., Ste. 3310
Livingston, NJ 07039
Phone: (973) 549-2500
Fax: (973) 377-1911
E-mail: elorell@grsm.com